UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNIE MONTROSE, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C09-2146 BZ |
| | ) | |
| v. | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| GARY MOORE, | ) | **MOTION TO DISMISS FOR LACK** |
| | ) | **OF PERSONAL JURISDICTION** |
| Defendant(s). | ) | |
| | ) | |

Plaintiff Ronnie Montrose ("Montrose") filed this action against Gary Moore ("Moore") demanding the return of a 1959 Gibson Guitar that he claims was stolen approximately thirty seven years ago.[1]  Montrose does not allege that Moore stole the valuable guitar; to the contrary, he alleges that Moore bought the guitar in good faith.  Moore, a resident of the United Kingdom, has moved to dismiss the complaint for lack of personal jurisdiction and to quash service of process.

The only jurisdictional allegation in the complaint and its accompanying exhibits is that Moore has "substantial and

---

[1] All parties have consented to my jurisdiction pursuant to 28 U.S.C § 636(c) for all proceedings, including entry of final judgment.

1

continuous contacts with the United States and this judicial district through his business partnership with the Gibson Guitar Corporation and continual sales of his music within this judicial district . . . ." Complaint ¶ 3. In his opposition to this motion, Montrose alleges several additional contacts with the forum state, but neglected to support them by declaration. Moore, who filed several declarations, seized on this deficiency in his reply brief, arguing this failure is dispositive.[2]

"The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists." Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280 (9th Cir. 1977). "Uncontroverted allegations in [the] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). However, "if plaintiff's allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he

---

[2] Seventeen days after Moore noted in his Reply that Montrose's opposition was "utterly lacking any form of evidentiary support" (Reply p.1, line 24), Montrose filed a "Supplemental Declaration" in an effort to meet this argument. Moore's motion to strike the declaration is **GRANTED** for two reasons. First, the declaration is untimely and Montrose has provided no explanation for late filing. Nor did Montrose seek relief from his failure. Second, filing a declaration after the briefing is closed, thus depriving an opponent of an opportunity to meet the declaration, is disfavored. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1202-03 (9th Cir. 2009). In any event, the assertions in Montrose's Supplemental Declaration add little to what was asserted by counsel in his opposition memorandum and, for the reasons discussed herein, do not support the assertion of jurisdiction over Moore.

2

must support them by competent proof." McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936).

Here, Montrose has failed to submit any competent evidence sufficient to establish jurisdiction. Moore's declarations directly refute all jurisdictional facts alleged in the complaint and opposition. There is no conflict in evidence however because Montrose has not submitted any proof to rebut Moore's declarations. For this reason alone, I must grant Moore's motion.

Even assuming I could treat the unsupported contentions in his brief as facts, Montrose has failed to establish general or specific jurisdiction over Moore. The exercise of personal jurisdiction over a nonresident defendant by a forum state is not inconsistent with due process if the nonresident defendant has certain "minimum contacts" with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) *quoting* Milliken v. Meyer, 311 U.S. 457, 463 (1940).

Courts may exercise either general or specific jurisdiction over a nonresident defendant. Helicopteros Nacionales de Columbia S.S. v. Hall, 466 U.S. 408, 414 nn. 8-9 (1984). Montrose contends that this court has both general and specific jurisdiction over Moore.[3]

General jurisdiction exists where a defendant's

---

[3] California's long arm statute, which controls in this diversity action, allows the exercise of personal jurisdiction on any basis provided under the federal constitution. Cal. Code of Civ. Pro. § 410.10

3

1 activities in the state are "substantial" or "continuous and
2 systematic," even if the cause of action is unrelated to those
3 activities.  <u>Data Disc, Inc.</u>, 557 F.2d at 1287.  Where general
4 jurisdiction is inappropriate, a court may still exercise
5 specific jurisdiction if the defendant has sufficient minimum
6 contacts with the forum state in relation to the plaintiff's
7 cause of action.  <u>Id.</u>  "The standard for establishing general
8 jurisdiction is fairly high and requires that the defendant's
9 contacts be of the sort that approximate physical presence."[4]
10 <u>Bancroft & Masters, Inc. v. Augusta Nat. Inc.</u>, 223 F.3d 1082,
11 1086 (9th Cir. 2000) (Internal citations omitted).

12     In support of general jurisdiction, Montrose alleges[5]
13 that Moore sells his music directly to citizens of this state
14 through his website, www.garymooreshop.com.  Montrose further
15 alleges that Moore has sold records, compact discs, and DVD's
16 in this jurisdiction on a continuous basis for twenty years,
17 and derives royalty income from this district when his songs
18 air on public broadcasts.  Montrose contends that Moore
19 operates a virtual store in California because he has 150
20 songs for sale on iTunes.  Finally, Montrose argues that Moore
21 receives royalties from the Gibson Instruments Corporation of
22 Nashville, Tennessee for a line of guitars sold at the Guitar

---

[4] The factors to consider for general jurisdiction include "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."  <u>Bancroft</u>, 223 F.3d at 1086.

[5] All of the following factual allegations refer to unsupported statements contained in Montrose's opposition to this motion.

4

1  Center in San Francisco.
2      These allegations do not rise to the level of
3  approximating physical presence in the forum state.  Montrose
4  has cited no authority that supports general jurisdiction in a
5  case like this.  <u>Mattel, Inc. v. MCA Records</u>, 296 F.3d 894
6  (9th Cir. 2002) and <u>Zippo Mfg. Co. v. Zippo DOT Com, Inc.</u>, 952
7  F. Supp. 1119 (W.D.Penn. 1997), on which Montrose relies, are
8  both specific jurisdiction cases.  Courts have found general
9  jurisdiction based on internet sales, where defendants derived
10 substantial revenue from and explicitly directed marketing
11 activities towards the forum state.  <u>See</u> <u>Gator.com Corp. v.</u>
12 <u>L.L. Bean, Inc.</u>, 341 F.3d 1072 (9th Cir. 2003) and
13 <u>Coremetrics, Inc. v. Atomic Park.com, LLC</u>, 370 F.Supp. 2d 1013
14 (N.D. Cal. 2005).  This case is readily distinguishable.
15 Moore's undisputed declaration states that the website
16 generated 23 sales to California residents for a total of
17 £382.15 in revenue since it was launched in 2006 and that no
18 marketing activities were aimed at California.
19     Moore similarly refutes the rest of Montrose's
20 unsupported factual statements with sworn declarations and
21 citation to legal authority.  Limited sale of records and DVDs
22 alone does not give rise to general jurisdiction.  <u>See</u> <u>Scott</u>
23 <u>v. Breeland</u>, 792 F.2d 925, 928 (9th Cir. 1986).  Regarding the
24 royalties argument, Moore submitted sufficient proof that (1)
25 he receives music royalties from a UK based company alone and
26 that (2) he personally has no relationship with the Guitar
27 Center.  Montrose has failed to carry his burden under <u>McNutt</u>
28 to establish general jurisdiction.

For specific jurisdiction to exist: "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable." Roth v. Marquez, 942 F.2d 617, 620-21 (9th Cir. 1985).

In order to prove purposeful availment, Montrose must show "purposeful direction," defined by the "three-part 'effects' test traceable to the Supreme Court's decision in Calder v. Jones, 465 US 783 (1984)." Schwarzenegger v. Ford Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  The defendant must have 1) committed an intentional act, 2) expressly aimed at the forum state, which 3) causes harm that the defendant knew was likely to be suffered in the forum state. Id.

Montrose has not stated any additional facts that would satisfy the three part Calder test.  Instead, he contends that Moore's failure to return the Gibson guitar upon demand to plaintiff in California constitutes an intentional act expressly aimed at California that causes harm that Moore knew would be felt in California.  Montrose has cited no authority to support this contention and it is too much of a bootstrap. If accepted, it would substantially undermine the due process requirement for personal jurisdiction.  It would allow any plaintiff to manufacture specific jurisdiction in the forum state by the simple expedient of sending a demand letter.

6

For example, in Calder v. Jones, the plaintiffs, residents of California, had demanded a retraction from the Florida defendants.[6]  Had that been a sufficient contact to sustain specific jurisdiction, the Supreme Court's ruling would have been quite short and it would not have had to engage in the extensive analysis which produced its three part test.  The due process clause is not as shallow as plaintiff contends.

Defendant's motion to dismiss for lack of personal jurisdiction is **GRANTED**.  The motion to quash service of process is therefore moot.  **IT IS THEREFORE ORDERED** that the complaint be **DISMISSED**.

Dated: November 5, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\MONTROSE V. MOORE\ORDER GRANTING DEFENDANT'S MOTION TO DISMISS v 2.wpd

---

[6] Jones v. Calder, 138 Cal. App. 3d. 128, 130 (1982).